UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON REYNOLDS
EDWARDS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 4:18-cv-10536
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**: The Court should dismiss Plaintiff's action without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), and for failure to show cause.

**II.    REPORT:** This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's August 8, 2018 Order to Show Cause. (DE 9.)

    **A.  Background**

On February 14, 2018, Plaintiff, Davon Reynolds Edwards, (who is represented by counsel), filed this action under 42 U.S.C. § 405(g) for a review of a final decision of the Commissioner of Social Security denying his application for

1

social security disability benefits.  (DE 1.)  He named as Defendant the Commissioner of Social Security.

On February 16, 2018, the Court entered an Order granting Plaintiff's application to proceed without prepaying fees or costs, and summonses were issued for the Commissioner of Social Security on February 22, 2018 (DEs 4, 5), but proof of service was never entered onto the docket.  Accordingly, on May 18, 2018, the Court issued an order to show cause for failure to effect service over Defendant.  (DE 6.)  On May 29, 2018, Plaintiff filed a motion to extend time for filing a summons or for the court to issue a second summons.  (DE 7.)  On June 4, 2018, the Court entered an order vacating the show cause order and granting Plaintiff's motion to extend time for service of Defendant.  (DE 8.)  The order provided that "Plaintiff shall have **THIRTY DAYS FROM THE DATE OF THIS ORDER** in which to effect service over Defendant."  (DE 8 at 2.)

However, on August 8, 2018, after Plaintiff still failed to enter proof of service onto the docket, the Court issued a second order to show cause for failure to effect service over Defendant.  (DE 9.)  That order noted that: (a) Plaintiff has not filed a further request for extension; (b) Plaintiff has not filed proof(s) of service in accordance with Fed. R. Civ. P. 4(i) ("Serving the United States and Its Agencies, Corporations, Officers, or Employees."); and (c) the Commissioner has yet to enter an appearance.  (*Id.*)  The Court therefore ordered that, "no later than

**Friday, August 17, 2018**, Plaintiff **SHALL SHOW CAUSE** why this case should not be dismissed for Plaintiff's failure to effect service upon Defendant in accordance with Fed. R. Civ. P. 4(i)." (*Id.* (emphases in original))

To date, Plaintiff has not responded to the Show Cause Order.

### B. Standard

Federal Rule of Civil Procedure 4(m), provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

### C. Discussion

The record demonstrates that more than 90 days have lapsed since Plaintiff's February 14, 2018 complaint was filed, and more than 30 days have lapsed since the Court's June 4, 2018 grant of Plaintiff's request for an extension of time to serve Defendant. Plaintiff has failed to show cause, despite being required to do so and there is no indication that service has been accomplished. Plaintiff appears to have abandoned this case. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action under Rule 4(m).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 25, 2018

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 25, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti